IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
10/21/2026
LAURA A. AUSTIN, CLERK
BY: s/C. Kemp
DEPUTY CLERK

| | | |
|---|---|---|
| MELISSA SCHLEIG, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5:26-cv-00099 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| STATE FARM FIRE AND CASUALTY COMPANY, | ) | By: Hon. Thomas T. Cullen, United States District Judge |
| | ) | |
| | ) | |
| Defendant. | ) | |

This suit arises from an insurance dispute between Plaintiffs Melissa and Anthony Schleig ("the Schleigs") and their home insurer, State Farm Fire and Casualty Company ("State Farm"). The Schleigs allege that a storm event in summer 2025 damaged the chimney, roof, and interior of their home and that State Farm failed to adequately compensate them for that damage or engage in appraisal. State Farm disagrees, contending that its investigation found no storm damage during summer 2025 and that the disputed damage was not covered by the Schleigs' policy. Now, the Schleigs move to compel appraisal under the terms of their policy and Va. Code Ann. § 38.2-2105, which allow either party to compel appraisal if the parties disagree as to the amount of loss. (ECF No. 7.) The court construes this request as seeking preliminary injunctive relief. Because the Schleigs have not made a clear showing that they are entitled to such relief, the court will deny the motion.

## I. Background

In 2025, the Schleigs owned a home in Strasburg, Virginia, which State Farm insured. (Compl. ¶¶ 1–2 [ECF Nos. 1-2, 6]; Answer ¶ 2 [ECF No. 5].) The Schleigs' insurance policy

included an appraisal provision, and it covered wind and hail losses but excluded regular deterioration. (ECF 6 at 34, 36, 41–42.) The Schleigs made a claim on State Farm for roof, chimney, and interior damage resulting from a storm earlier in 2025. (Compl. ¶ 4; Answer ¶ 4.) State Farm then investigated the claim. (Compl. ¶ 5; Answer ¶ 5.) After two inspections by a licensed engineer concluded that the house sustained no storm damage during summer 2025, State Farm awarded the Schleigs around $26,000[1] to repair certain slate tiles on their roof and otherwise denied payment.[2]

The Schleigs disagreed with State Farm's conclusion as to the amount of covered damage; on May 4, 2026, they notified State Farm that they were invoking the appraisal clause of their policy. (ECF No. 6 at 96.) State Farm refused to participate in the appraisal, and the Schleigs filed this action in Virginia state court on June 22, 2026. (ECF No. 6 at 8.) They allege that State Farm breached their contract by partially denying the Schleigs' claim and by refusing to participate in an appraisal. (*Id.* at 10–14.) State Farm removed to this court on July 28, 2026. (ECF No. 1.)

The Schleigs moved to compel appraisal on August 19, 2026, arguing that this is essentially an amount-of-loss dispute and that appraisal is required by the policy and Virginia

---

[1] The Schleigs allege that State Farm paid $26,500.65. (Compl. ¶ 8.) They appear to be excluding the deductible; Plaintiffs' Exhibit C-2, which they filed with their complaint, shows a net payment of $23,060.65. (ECF No. 1-2 at 75, No. 6 at 80.)

[2] The Schleigs allege that a storm occurred on June 25, 2025. (Compl. ¶ 4.) State Farm disputes the occurrence of a covered storm and alleges that the Schleigs initially reported the storm as having occurred on August 21, 2025, when they filed their claim on October 28, 2025. (Answer ¶¶ 4–5.) In their brief supporting this Motion, the Schleigs maintain that State Farm's use of the August 21st date is "inconsistent with the insured's observations of the storm on June 25, 2025[,] and the discovery of the broken chimney immediately after the storm." (ECF No. 8 at 3 n.1.) At any rate, State Farm's position is that there was no storm damage on June 25th, August 21st, or any other date in 2025, and that the payment the Schleigs received was not for storm damage. (ECF No. 12 at 3.)

law. (ECF Nos. 7 & 8.) In response, State Farm contends that this is a coverage dispute, so the appraisal provision of the parties' contract does not apply. (ECF No. 12 at 3.) Indeed, the pleadings demonstrate that the parties fundamentally disagree about the results of the investigation and the reasons for the Schleigs' recovery thus far. (Compl. ¶ 5; Answer ¶ 5.) The Schleigs allege that State Farm found that their property had been damaged by a covered wind and hail storm. (Compl. ¶ 5–6.) State Farm disagrees, asserting that their investigation revealed that the damage in question did not result from a wind and hail storm. (Answer ¶ 2.)

## II. ANALYSIS

At this early stage of litigation, the Schleigs seek to force State Farm to engage in the appraisal process, which comprises a portion of the relief they request in their lawsuit. (*See* Compl. ¶ 28.) The parties hotly contest whether the underlying dispute primarily concerns coverage or the amount of loss. Even if, as the Schleigs argue, the court can compel appraisal, it would be inappropriate to do so with that core factual dispute outstanding. *See HHC Assocs. v. Assurance Co. of Am.*, 256 F. Supp. 2d 505, 510 (E.D. Va. 2003) ("A reading of the plain language of [Virginia's appraisal statute] compels the conclusion that the provision is triggered only when the parties disagree as to the amount of the loss, not the existence of coverage."). The court therefore construes the Schleigs' motion as a request for preliminary—if not premature and permanent—injunctive relief. *See Nosegbe v. State Farm Fire and Cas. Co.*, No. 1:25-cv-01369-PTG-LRV (E.D. Va. Aug. 18, 2026), ECF No. 46 (construing a similar motion as requesting a preliminary injunction and denying it on that ground).

"A preliminary injunction is an extraordinary remedy intended to protect the status quo and prevent irreparable harm during the pendency of a lawsuit." *Di Biase v. SPX Corp.*, 872

F.3d 224, 230 (4th Cir. 2017) (citing *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013)). "A preliminary injunction shall be granted only if the moving party clearly establishes entitlement to the relief sought." *Id.* (citing *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the Schleigs have not clearly established that their suit merits preliminary injunctive relief. Firstly, they have not sought to do so. (*See* ECF Nos. 7 & 8.) But even assuming they had, the Schleigs do not meet the factors set out in *Winter*. They have not established a likelihood of success on the merits; the court discerns no likelihood of irreparable harm should an appraisal not be granted; the balance of equities does not tip in either party's favor at this point; and the private dispute between the parties does not implicate the public interest. It would therefore be inappropriate to grant the Schleigs such an extraordinary remedy at this stage in the litigation, so the court will deny their motion to compel appraisal.

## III. CONCLUSION

For the reasons explained above, the court will deny the motion to compel appraisal.

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 21st day of October, 2026.

*/s/Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE